1161

Daniel M. GRAVES, Appellant v. SERBIN FARMS, INC., and James R. Sexton, Defendants, of whom James R. Sexton is Respondent.

(368 S. E. (2d) 682)

Court of Appeals

*Amos A. Workman* and *William L. Duncan* of *Butler, Means, Evins & Browne*, Spartanburg, *for appellant.*

*John A. Hagins, Jr.*, Greenville, *for respondent.*

Heard March 15, 1988.

Decided May 9, 1988.

GARDNER, Judge:

Daniel M. Graves (Graves) sued James R. Sexton (Sexton) and Serbin Farms, Inc., (Serbin Farms) for conversion of a large quantity of corn which had been entrusted by Graves to Sexton and Serbin Farms. Graves and his brother, by separate and previous actions, had sued Sexton; these suits, of which Graves' complaint is of record in this case, did not involve the corn which is the subject matter of the case before us; these suits were purportedly settled by the parties' then attorneys. Sexton alleges that the settlement ne-

gotiations and the agreement of the attorneys for both parties in the prior suit encompassed the corn claim. Although a written agreement providing for disposition of all claims then existing between the parties, which would have encompassed the corn claim, was prepared, Graves refused to sign the written agreement. Sexton's motion for summary judgment was granted by the appealed order on the basis that the agreement entered into by Graves' attorney in the prior action was binding on Graves. We reverse and remand.

■ The record discloses that the corn dispute was discussed by the attorneys of the prior suit, and we assume for purposes of this decision that Graves was present during three of the four conferences involving the settlement negotiations. The evidence, however, is conflicting as to whether Graves, in the prior suit, authorized his attorney to settle the corn claim; therefore, a material issue of fact exists.

The sole issue we address is whether Graves was bound as a matter of law by the alleged agreement by his attorney with Sexton's attorney in the previous action. In *Hall v. Benefit Association of Railway Employees*, 164 S. C. 80, 161 S. E. 867 (1932) our Supreme Court set forth the following rule:

> The parties to a suit are bound by admissions, and by their attorneys of record, in open Court, or elsewhere, touching matters looking to the progress of the trial. Such practice is almost of everyday occurrence; and this statement is so elementary and understood so thoroughly by the profession as to need no citation of authority.
>
> But even in cases where actions are pending, and attorneys are of record, there is a border line beyond which they cannot go and bind their clients. Attorneys, as such, without *express* authority, have no right to compromise or settle their clients' rights, to release a lien, or substitute one security for another, *in matters not in court.*

164 S. C. at 83, 161 S. E. at 868 (citations omitted) (emphasis added).

It, then is the well-settled law of this state that the authority of an attorney of record to settle claims is limited to the claims presented by the pleadings in a given case and that any settlement that goes beyond these matters must be expressly agreed to by the client. And we so hold.

Sexton, in this appeal, appears to argue that Graves' attorney had apparent authority to settle the corn controversy, but he does not present an additional sustaining ground raising this possibility; we, therefore, do not address this issue.

For the above reasons, we hold that the appealed order erroneously granted summary judgment and reverse and remand the appealed order.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.